**AMERICAN AIRLINES, INC.; Continental Airlines, Inc.; Delta Airlines, Inc.; Eastern Airlines, Inc.; Frontier Airlines, Inc.; Ozark Airlines, Inc.; Republic Airlines, Inc.; Texas International Airlines, Inc.; Trans World Airlines, Inc.; United Airlines, Inc.; and Western Airlines, Inc., Plaintiffs-Appellants,**

v.

**STATE BOARD OF EQUALIZATION of the State of Colorado, et al., Defendants-Appellees.**

No. 85CA1154.

Colorado Court of Appeals, Div. I.

Aug. 27, 1987.

Rehearing Denied Oct. 15, 1987.

Certiorari Granted (State Board) Feb. 22, 1988.

Holland and Hart, William E. Murane, Alan Poe, John R. Maxfield, Denver, for plaintiffs-appellants.

Stephen H. Kaplan, City Atty., Robert F. Strenski, Asst. City Atty., Denver, for defendants-appellees.

METZGER, Judge.

Plaintiffs, American Airlines, Inc., Continental Air Lines, Inc., Delta Air Lines, Inc., Eastern Airlines, Inc., Frontier Airlines, Inc., Ozark Air Lines, Inc., Republic Airlines, Inc., Texas International Airlines, Inc., Trans World Airlines, Inc., United Airlines, Inc., and Western Airlines, Inc. (the airlines) appeal a judgment of the district court affirming a decision of defendant Board of Assessment Appeals (BAA), in which the BAA denied petitions for abatement or refund of taxes with respect to 1982 property taxes. We reverse and remand.

The airlines argue that since the Tax Equity and Fiscal Responsibility Act, 49 U.S.C. § 1513(d) (TEFRA), prohibited discriminatory tax assessments of airline property after September 3, 1982, the district court erred in failing to find that the manner in which taxes were levied on their property after that date violated TEFRA. The airlines also argue that the district court erred in failing to find that the assessment, levy, and collection of discriminatory taxes, in violation of TEFRA, contravened U.S. Const. art. VI, Cl. 2, the supremacy clause of the United States Constitution.

The BAA argues that this court does not have jurisdiction to hear this appeal because the airlines failed to exhaust their administrative remedies. In the alternative, the BAA argues that TEFRA was not applicable to the 1982 tax year in Colorado because the tax assessments for that year were final prior to the effective date of TEFRA. Finally, the BAA contends that application of TEFRA to the 1982 tax year is constitutionally prohibited by the Tenth Amendment because such application would be destructive of state sovereignty.

In 1982, the Colorado tax statute, § 39-1-104, C.R.S. (1982 Repl.Vol. 16B), provided that airline property, like that of other public utilities, would be taxed at 30% of the 1981 level of value. In contrast, all other commercial and industrial property was valued and assessed for the 1982 tax year at 30% of its 1973 level of value.

The Property Tax Administrator made the appropriate assessments of the airlines' property and gave notice of the assessments on or before June 1, 1982. When the notifications were received, five of the airlines protested the assessments, pursuant to § 39-4-108(1), C.R.S. (1982 Repl.Vol. 16B), and adjusted assessments were issued on or before August 1, 1982. No appeal from the decision was taken. The remaining airlines did not contest the original assessments, and all of the airlines timely paid their taxes in installments on February 28 and July 31, 1983.

On September 3, 1982, prior to the tax payments by the airlines, TEFRA was signed into law, and became effective on that date. The TEFRA provision at issue here is codified at 49 U.S.C. § 1513(d), and prohibits states from assessing, levying, or collecting an "ad valorem property tax on air carrier transportation property at a tax rate that exceeds the tax rate applicable to commercial and industrial property in the same assessment jurisdiction." The parties have stipulated that the total assessment of the airlines' property for tax year 1982 would be reduced from approximately $57 million to approximately $29 million if 49 U.S.C. § 1513(d) applies.

On July 25, 1983, several days before the payment of the final tax installments, the airlines filed petitions for abatement and refund based upon the provisions of TEFRA, claiming discriminatory tax treatment. The petitions were denied by the Denver Board of Equalization. The airlines then appealed to the BAA, requesting a *de novo* hearing. After that hearing, the BAA denied the airlines' claims, thus affirming the 1982 assessments. The airlines appealed to the district court, which affirmed the BAA's decision. The court specifically found that TEFRA did not apply to the 1982 tax assessments because TEFRA contained no provision making it effective retroactively, and the assessments were complete before the effective date of TEFRA. This appeal followed.

I.

 As a preliminary matter, the BAA contends that the airlines failed to exhaust their administrative remedies and that, thus, this court does not have jurisdiction. We disagree.

In *Board of Assessment Appeals v. Benbrook*, 735 P.2d 860 (Colo.1987), our supreme court held that taxpayers may challenge a tax assessment, pursuant to § 39-1-113 and § 39-10-114, C.R.S. (1982 Repl.Vol. 16B), for an individual abatement and refund without first exhausting administrative remedies if the underlying claim is that the tax is partially illegal or erroneous, and the time for other appeals has passed. Here, the underlying claim is one of illegality, because of the asserted conflict with TEFRA. This claim did not arise until September 3, 1982, long after the time for other appeal procedures had expired. Thus, the airlines have followed the appropriate procedure, and this court has jurisdiction.

II.

The airlines contend that the assessment, levy, and collection of taxes based upon different base years, as provided in § 39-1-104, C.R.S. (1982 Repl.Vol. 16B), violated TEFRA. The district court held, and the BAA argues, that the provisions of

TEFRA do not apply because the tax assessments were completed before its effective date. We agree with the airlines that the collection of the taxes violated the provisions of TEFRA.

■ TEFRA became effective on September 3, 1982. As of that date, all conflicting state laws were preempted pursuant to the supremacy clause of the United States Constitution. U.S. Const. art. VI, Cl. 2; *see Arkansas-Best Freight System, Inc. v. Cochran,* 546 F.Supp. 904 (M.D. Tenn.1981). TEFRA prohibits the assessment, levy, or collection of an ad valorem property tax on air carrier transportation property in excess of the applicable rate for other commercial and industrial property.

It is undisputed that all collection of the taxes at issue here occurred after TEFRA's effective date. It is further undisputed that the taxes collected were based upon assessments at different market values: the airlines' property at its 1981 value, and all other commercial and industrial property at its 1973 value. The result of the use of these disparate market values resulted in a significantly higher tax burden on the airlines. *See Burlington Northern R.R. Co. v. Department of Revenue,* 570 F.Supp. 585 (W.D.Wis.1983), *modified,* 604 F.Supp. 1575 (W.D.Wis.1985).

Consequently, the provisions of TEFRA do apply, and the district court erred in affirming the decision of the BAA which denied the airlines' claims for abatement and refund.

### III.

■ The BAA asserts that the application of TEFRA to the 1982 tax years violate the Tenth Amendment, which precludes Congress from interfering with the taxing powers of the states. However, the BAA does not argue that application of TEFRA to any succeeding year has a like effect.

The plenary power of Congress under the commerce clause, U.S. Const. art. I, § 8, cl. 3, is universally recognized. This power encompasses the regulation of commerce itself, as well as those activities affecting interstate commerce. *Heart of Atlanta Motel v. United States,* 379 U.S. 241, 85 S.Ct. 348, 13 L.Ed.2d 258 (1964). This power permits some limitation on the states' power of taxation. So long as the federal legislation is rationally related to the goal of protecting interstate commerce or the instrumentalities thereof, the fact that a state taxation system is affected does not itself invalidate the legislation. *Arizona Public Service Co. v. Snead,* 441 U.S. 141, 99 S.Ct. 1629, 60 L.Ed.2d 106 (1979).

In enacting TEFRA, Congress stated that assessing air carrier transportation property at higher ratios of true market value or taxing it at higher rates than other commercial and industrial personal property unreasonably burdens interstate commerce. Congress intended to prohibit states from subjecting air carriers to discriminatory tax treatment. *Aloha Airlines, Inc. v. Director of Taxation,* 464 U.S. 7, 104 S.Ct. 291, 78 L.Ed.2d 10 (1983); *Northwest Airlines, Inc. v. State Board of Equalization,* 358 N.W.2d 515 (N.D.1984).

■ States do have an interest in collecting the greatest amount of tax revenue possible and in maintaining property classification for taxation purposes. These are legitimate and vital state interests. *Arkansas-Best Freight System, Inc. v. Cochran, supra.* However, contrary to the BAA's assertions, TEFRA does not completely prohibit the collection of taxes from the airlines, nor does it undermine the state's property classification system. Rather, it merely requires that air transportation property taxes be based upon the same rates as other commercial and industrial property.

The tax provision of TEFRA is not unique. Congress has exercised its commerce clause power in a similar fashion to alleviate discrimination in taxation for other interstate carriers. *See, e.g.,* Motor Carrier Act of 1980, 49 U.S.C. § 11503a; Railroad Revitalization and Regulatory Reform Act of 1976, 49 U.S.C. § 11503. Challenges to these acts on Tenth Amendment grounds have been rejected. *Tennessee v. Louisville & Nashville R.R. Co.,* 478

F.Supp. 199 (M.D.Tenn.1979) *aff'd* 652 F.2d 59 (6th Cir.), *cert. denied,* 454 U.S. 834, 102 S.Ct. 135, 70 L.Ed.2d 114 (1981); *Arkansas–Best Freight System, Inc. v. Cochran, supra.*

Consequently, since the provisions of TEFRA apply to the assessments here, the district court erred in affirming the decision of the BAA which denied the airlines' claims for abatement and refund.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

PIERCE and KELLY, JJ., concur.