NORTHWEST AIRLINES, INC., Republic Airlines, Inc., and Frontier Airlines, Inc., Plaintiffs, Appellants and Cross-Appellees,

v.

STATE of North Dakota By and Through the STATE BOARD OF EQUALIZATION, the State Treasurer of North Dakota and the State Tax Commissioner of North Dakota, Defendants, Appellees and Cross-Appellants.

Civ. No. 10721.

Supreme Court of North Dakota.

Nov. 28, 1984.

Pearce, Anderson & Durick, Bismarck, for plaintiffs, appellants and cross-appellees; argued by William Patrick Pearce, Bismarck.

Robert W. Wirtz, Asst. Atty. Gen., State Tax Dept., Bismarck, for defendants, appellees and cross-appellants.

ERICKSTAD, Chief Justice.

Northwest Airlines, Inc., Republic Airlines, Inc., and Frontier Airlines, Inc. [the Airlines], have appealed from a district court judgment in favor of the State of North Dakota by and through the State Board of Equalization, the State Treasurer of North Dakota and the State Tax Commissioner of North Dakota [the State] denying the Airlines relief from the Board's 1982 property tax assessments against them. The State has cross-appealed from a portion of the judgment determining that the taxes assessed were not "in lieu" taxes. We reverse in part and affirm in part.

The rolling stock of railroad carriers and car line companies have been determined to be exempt under federal law from personal property taxation by North Dakota. *Trailer Train Company v. State Board of*

**516**

*Equalization,* 710 F.2d 468 (8th Cir.1983) [car lines]; *Ogilvie v. State Board of Equalization,* 657 F.2d 204 (8th Cir.), *cert. denied,* 454 U.S. 1086, 102 S.Ct. 644, 70 L.Ed.2d 621 (1981) [railroads]. The Airlines contend that federal law requires that their personal property be similarly exempt from taxation.

With certain exceptions, including the Airlines, commercial and industrial personal property in North Dakota is exempt from personal property taxation by Section 57–02–08(25), N.D.C.C. Pursuant to Art. X, § 4, N.D. Const.; Ch. 57–32, N.D.C.C.; Ch. 57–06, N.D.C.C.; and Section 57–02–27(3), N.D.C.C., the Board assessed the Airlines' personal property for taxation at a ratio of ten percent of market value in 1982 and the Airlines were taxed accordingly.

The district court, concluding that the property tax assessments did not violate the applicable federal law, entered a summary judgment in favor of the State.

The Airlines have raised the following issues on appeal:

"1. Whether 49 U.S.C. § 1513(d) preempts conflicting state law.

"2. Whether the State Board of Equalization is precluded by 49 U.S.C. § 1513(d) from assessing a property tax for 1982 against the Plaintiffs' air carrier transportation personal property.

"3. Whether the personal property tax imposed by North Dakota statute on air carrier transportation personal property is an 'in lieu' tax within the meaning of 49 U.S.C. § 1513(d)(3)."

The Airlines assert that assessing their personal property at ten percent of market value for taxation purposes, while other commercial and industrial property is exempt from taxation, is prohibited by 49 U.S.C. § 1513(d), which provides:

*"(d) Acts which unreasonably burden and discriminate against interstate commerce; definitions*

"(1) The following acts unreasonably burden and discriminate against interstate commerce and a State, subdivision of a State, or authority acting for a State or subdivision of a State may not do any of them:

"(A) assess air carrier transportation property at a value that has a higher ratio to the true market value of the air carrier transportation property than the ratio that the assessed value of other commercial and industrial property of the same type in the same assessment jurisdiction has to the true market value of the other commercial and industrial property;

"(B) levy or collect a tax on an assessment that may not be made under subparagraph (A) of this paragraph; or

"(C) levy or collect an ad valorem property tax on air carrier transportation property at a tax rate that exceeds the tax rate applicable to commercial and industrial property in the same assessment jurisdiction.

"(2) In this subsection—

\* \* \* \* \* \*

"(D) 'commercial and industrial property' means property, other than transportation property and land used primarily for agricultural purposes or timber growing, devoted to a commercial or industrial use and subject to a property tax levy; and

\* \* \* \* \* \*

"(3) This subsection shall not apply to any in lieu tax which is wholly utilized for airport and aeronautical purposes."

"Congressional intent has been traditionally determined by an examination of the language and focus of the statute, its legislative history, and a consideration of its statutory purpose." *R.B.J. Apartments, Inc. v. Gate City Savings & Loan Association,* 315 N.W.2d 284, 287 (N.D.1982). "Statutes must be construed with reference to the policy intended to be accomplished, so as to effectuate the legislative purpose which prompted their enactment." Syllabus ¶ 6, *Hughes v. State Farm Mutu-*

*al Automobile Insurance Company,* 236 N.W.2d 870 (N.D.1975).

■ In enacting 49 U.S.C. § 1513(d), Congress has stated that assessing air carrier transportation property at higher ratios of true market value or taxing it at higher rates than other commercial and industrial personal property unreasonably burdens and discriminates against interstate commerce. Congress clearly intended to prohibit states from imposing discriminatory property taxes on air carriers. *See Aloha Airlines v. Director of Taxation,* — U.S. —, 104 S.Ct. 291, 78 L.Ed.2d 10 (1983). Construing 49 U.S.C. § 1513(d) so as to effectuate the clearly stated legislative purpose to prohibit states from imposing discriminatory property taxes on air carriers, we hold that assessing and taxing the Airlines' personal property while exempting other commercial and industrial personal property from taxation is prohibited by 49 U.S.C. § 1513(d).

The State relies on L. Tribe, *American Constitutional Law,* 242–243 (1978) for the proposition that North Dakota's method of taxing the Airlines' personal property is not preempted by the federal law "unless statutory language or legislative history constitutes a clear statement that Congress intended to exercise its commerce power in full." We believe that 49 U.S.C. § 1513(d)(1) provides such a "clear statement." North Dakota's taxing scheme is therefore preempted by the federal law.

The State's reliance on a number of decisions referring to the deference courts have accorded states in matters of taxation is misplaced. The type of discriminatory personal property tax treatment the State has imposed upon the Airlines is one that Congress has clearly and expressly prohibited. We must defer to that legislative purpose. In construing 49 U.S.C. § 1513(a), the United States Supreme Court recently stated, in *Aloha Airlines v. Director of Taxation,* — U.S. —, —, 104 S.Ct. 291, 294, 78 L.Ed.2d 10, 15 (1983):

"[W]hen a federal statute unambiguously forbids the States to impose a particular kind of tax on an industry affecting interstate commerce, courts need not look beyond the plain language of the federal statute to determine whether a state statute that imposes such a tax is preempted. Thus, the Hawaii Supreme Court erred in failing to give effect to the plain meaning of § 1513(a)." [Footnotes omitted.]

The State has asserted that because other commercial and industrial property in North Dakota is wholly exempt from personal property taxation, such property is not "subject to a property tax levy" under 49 U.S.C. § 1513(d)(2)(D) and, therefore, the assessments in issue are not prohibited by 49 U.S.C. § 1513(d). Counsel for the State conceded at oral argument that if the North Dakota Legislature were to reenact a property tax on other commercial and industrial property, 49 U.S.C. § 1513(d) would require that such other property be taxed at the same rate as, or at a higher rate than, air carrier transportation property. The construction urged by the State would allow discriminatory taxation of air carrier transportation property as long as a state imposed no tax at all on other commercial and industrial property. We can not reasonably so construe the statute.

The intent of Congress, as we have earlier indicated, was to prohibit discriminatory state taxes because of the adverse affect of such discrimination on interstate commerce. In that light, we cannot assume that a law which completely exempts all property (not usually exempt because of its charitable or eleemosynary character) except airline property and other property not relevant here was not meant to be covered by the Act. Interpreting 49 U.S.C. § 1513(d) as the State would have us do would permit greater discrimination when the property is completely exempt than when it is taxed, but at a lower rate. That is unreasonable. We have repeatedly held that statutes must be construed to avoid ludicrous and absurd results. *See, e.g., Skoog v. City of Grand Forks,* 301 N.W.2d 404 (N.D.1981); *Apple Creek Township v. City of Bismarck,* 271 N.W.2d 583 (N.D. 1978); *Pollock v. McKenzie County Public*

*School District # 1*, 221 N.W.2d 521 (N.D. 1974); and *Perry v. Erling*, 132 N.W.2d 889 (N.D.1965).

The State has asserted that the district court erred in determining that North Dakota's personal property tax on air carrier transportation property is not an "in lieu" tax within the meaning of 49 U.S.C. § 1513(d)(3). The trial court determined that there is no other tax imposed upon airlines for which the instant taxes may be called a substitute. We are not persuaded that the trial court erred.

For the reasons stated, the judgment in favor of the State is reversed insofar as it determined that the personal property assessments do not violate 49 U.S.C. § 1513(d). The determination in the judgment that the taxes imposed are not in lieu taxes is affirmed.

SAND, GIERKE, PEDERSON and VANDE WALLE, JJ., concur.