In the Matter of the STATE SALES AND USE TAX LIABILITY OF PAM OIL, INC. and Pam Warehouse, Inc., 200 Petro Avenue, Sioux Falls, South Dakota License Nos. 51–12390–5S and 51–17459–3S.

No. 16875.

Supreme Court of South Dakota.

Considered on Briefs April 25, 1990.

Decided Aug. 15, 1990.

Timothy T. Weber, Dept. of Revenue, Pierre, for appellant; Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief.

John E. Burke, Sioux Falls, for appellee.

WUEST, Chief Justice.

The Department of Revenue (Department) appeals from a circuit court judgment which reversed a judgment entered by the Secretary of Revenue (Secretary) against Pam Oil, Incorporated (Pam Oil) and Pam Warehouse, Incorporated (Pam Warehouse) (collectively referred to as "Pam"). We reverse the judgment of the circuit court.

Pam Oil, a corporation located in Sioux Falls, South Dakota, is a wholesaler and retailer of automobile supplies such as oil, grease, antifreeze, batteries, automobile parts, parts cleaning solvent, paper products, hand cleaner and related items. Pam Warehouse, also a corporation located in Sioux Falls, South Dakota, is a wholesaler and retailer of automotive supplies such as batteries, water pumps, alternators and related items. In November of 1987, the Department conducted a sales and use tax audit of Pam Oil and Pam Warehouse for the periods of September, 1984 through August, 1987, and November, 1984 through October, 1987, respectively. The purpose of the audits was to verify the gross receipts, deductions and use tax that Pam Oil and Pam Warehouse had reported to the Department on their sales and use tax returns for these periods.

With respect to the sales tax portion of the audits, the Department conducted a sample audit rather than a detailed audit. Out of the three-year audit period, two reporting periods were randomly selected to compute an error factor to apply to the entire audit. Initially, the Department verified Pam's gross receipts with the amounts reported on its sales tax returns and found them to be correct. The Department then proceeded to review Pam's reported deductions. The deductions claimed by Pam were reported as sales for resale and out-of-state sales. Pursuant to this review, the Department examined every sales invoice for the two sample periods to insure that Pam had either charged the proper sales tax or had a resale certificate on file. If sales tax was not charged on a particular transaction, but a resale certificate was on file, the Department then attempted to determine whether the resale certificate on file was accepted by Pam in good faith. If it was, then Pam was relieved of sales tax liability for such transaction pursuant to SDCL 10–54–1.

Having conducted this review, the Department found several invoices for which Pam did not charge a sales tax nor did it have a resale certificate on file. The gross receipts from these invoices were noted as errors, generating additional sales tax due from Pam. This determination was not disputed by Pam. In addition to these errors, the Department also found that Pam had resale certificates on file with respect to other invoices, but, according to the Department, some of these resale certificates were not accepted in good faith by Pam. The Department reasoned many of the businesses which provided resale certificates to Pam were using the items sold to them by Pam and not reselling them in the regular course of business. According to the Department, Pam knew or should have known that such items were not being purchased for resale. Hence, the Department concluded that insofar as these items were concerned, the resale certificates were not accepted in good faith by Pam. As a result, the resale certificates were not allowed for these particular items and, hence, the deductions taken for these items were disallowed and subsequently noted as errors, generating additional sales tax due from Pam.[1]

Approximately three months after the commencement date of Pam's audit, Pam presented evidence to the Department which it claimed substantiated some of the deductions previously disallowed by the Department. This evidence was in the form of telephone records which indicated several of Pam's larger customers informed Pam they had reported use tax to the State on several items sold to them by Pam. According to Pam, since use tax was allegedly being paid on these items, then Pam must be absolved of sales tax liability on such items. Thus, Pam argued the deductions taken for these items were proper. In spite of Pam's efforts, the Department refused to consider the telephone records for audit purposes because they were not submitted to the Department within thirty days after the commencement of the audit as required by SDCL 10–59–3 and SDCL 10–59–7. As a result, the Department made no changes in its calculations with respect to the sales tax portion of the audit.

As noted previously, the Department also conducted a use tax audit of Pam. Pursuant to this audit, the Department examined Pam's purchase invoices and depreciation schedules to determine if any use tax liability existed. After conducting this examination, the Department determined that Pam was using certain items for which no use tax was being paid. The Department discussed this matter with a Pam representative who subsequently agreed that use tax was due with respect to these items.

After the Department had completed its audits, a Certificate of Assessment was prepared assessing Pam Oil and Pam Warehouse. The Certificate showed a sale and use tax assessment of $78,762, while

---

**1.** The record reflects that the resale certificates were allowed or disallowed on an item-by-item basis.

the Certificate assessing Pam Warehouse showed a sale and use tax assessment of $5,453. After receiving these Certificates, Pam filed a protest to the assessments and requested a hearing. In its request for hearing, Pam specifically stated it did not contest the use tax portion of the audit. Instead, Pam asserted the sample audit technique applied by the Department was not a reasonable audit. Also, Pam asserted the Department erred in refusing to consider the telephone records which, according to Pam, substantiated a number of deductions which were disallowed by the Department. Finally, though not specifically stated in its request for hearing, Pam asserted that its mere acceptance of a resale certificate was sufficient to relieve Pam of sales tax liability unless the Department could prove that such certificates were not accepted in good faith.

Pam's request for hearing was granted and an administrative hearing was subsequently held on April 21, 1988. After this hearing, a judgment was rendered by the Secretary in favor of Department. In rendering this judgment, the Secretary determined the audit technique applied by the Department was reasonable and proper. The Secretary further concluded the Department did not act improperly in refusing to accept Pam's telephone records because such records were not timely submitted to the Department according to SDCL 10–59–3 and SDCL 10–59–7. Finally, the Secretary held the mere fact Pam obtained resale certificates from purchasers did not relieve Pam of tax liability with respect to those items covered by the resale certificates. The Secretary held that Pam had to establish the resale certificates were accepted in good faith in order for Pam to be relieved of tax liability for items covered by such certificates. Pam failed to establish this good faith acceptance according to the Secretary. Based upon this reasoning, the Secretary found the resale certificates at issue were not accepted in good faith and no errors were committed by the Department with respect to Pam's audits. As a result, a judgment was rendered directing Pam to pay the tax assessments set forth by the Department.

In December of 1988, Pam appealed this matter to the circuit court. Again, Pam claimed the audit technique employed by the Department was unreasonable and improper. Pam also asserted the Secretary erred in holding Pam had the burden to prove the resale certificates were accepted in good faith. In addition, Pam submitted the Department erred in refusing to consider Pam's telephone records for audit purposes. Upon this foundation, Pam requested the circuit court to reverse the judgment of the Secretary in its entirety.

In August of 1989, the circuit court entered a judgment reversing the judgment of the Secretary in its entirety, including that portion of the judgment which directed Pam to pay the use tax assessment. The circuit court found the audit technique applied by the Department was reasonable. However, with respect to the resale certificates, it determined that the Department had the burden to prove that Pam had *not* accepted resale certificates in good faith. The court stated if the Department was unable to meet this burden, Pam was relieved of sales tax liability for any items covered by resale certificates in Pam's possession. Having made this determination, the court then found the Department failed to establish Pam had not accepted the resale certificates in good faith. Thus, it held that all of Pam's resale certificates were accepted in good faith. For this reason, the circuit court reversed the Secretary's judgment which ordered Pam to pay the State sales and use tax as set forth in the Certificates of Assessment. The circuit court provided no reasoning for reversing that portion of the Secretary's judgment directing Pam to pay the use tax assessment which Pam agreed was due. Department now appeals the circuit court judgment.

On appeal, Department argues the circuit court erred in determining as a matter of law the Department had the burden to prove that Pam did not accept the resale certificates in good faith. Due to this misstatement of the law, Department submits the circuit court erred in holding Pam had accepted its resale certificates in good

faith. Finally, Department submits the circuit court erred in reversing that portion of the Secretary's judgment which directed Pam to pay the use tax assessment.

■ Our standard of review in this case is governed by SDCL 1–26–36. This requires us to "give great weight to the findings made and inferences drawn by [the administrative agency] on questions of fact." *Deuschle v. Bak Const. Co.,* 443 N.W.2d 5, 6 (S.D.1989); *Finck v. Northwest School Dist. No. 52–3,* 417 N.W.2d 875 (S.D.1988). Further, we review the record in the same light as does the trial court and determine whether or not the administrative agency's decision was clearly erroneous in light of all of the evidence. *Deuschle, supra; In re Northwestern Bell Tel. Company,* 382 N.W.2d 413 (S.D.1986). However, on questions of law, we may "interpret statutes without any assistance from the administrative agency." *Permann v. South Dakota Department of Labor,* 411 N.W.2d 113, 117 (S.D.1987).

■ Having noted our standard of review, we now direct our attention to the issue of whether Pam accepted resale certificates in good faith from purchasers of certain items thus entitling Pam to be free from sales tax liability on such items. The statute at issue here is SDCL 10–54–1 which provides in pertinent part:

> Whenever a vendor receives and accepts in good faith from a purchaser a resale or other exemption certificate or other written evidence of exemption authorized by the appropriate state or subdivision taxing authority, the vendor shall be relieved of liability for a sales or use tax with respect to the transaction.

After evaluating this statute in conjunction with the language of the resale certificates provided to Pam, the circuit court concluded Pam should not be imposed with the burden of proving it accepted the resale certificates in good faith. The court reasoned Pam should be allowed to rely on the purchaser's representation in the resale certificate the purchased items are for resale and not for use. According to the circuit court then, the Department had to prove the resale certificates were *not* accepted in good faith in order to invalidate such certificates. We cannot agree with this conclusion.

The circuit court's construction of SDCL 10–54–1 implies the mere acceptance of a resale certificate is sufficient to relieve a vendor of sales tax liability, unless the Department can establish the acceptance of such certificate was not in good faith. This is not in accordance with the language of SDCL 10–54–1. This statute does not state the mere acceptance of a resale certificate is sufficient to relieve a vendor of sales tax liability. Rather, the statute declares a vendor is relieved of sales tax liability only when he receives a resale certificate *in good faith.* Thus, good faith acceptance must be established in all instances where a taxpayer seeks to be relieved of tax liability under SDCL 10–54–1. As a result, we reject the circuit court's construction of SDCL 10–54–1.

■ SDCL 10–54–1 is a statute which provides an exemption from sales tax liability. Exemptions from tax are privileges accorded as a matter of legislative grace and not as a matter of tax payer right. *Burlington Northern R. Co. v. Strackbein,* 398 N.W.2d 144, 147 (S.D.1986). Tax exemptions are never presumed. 2 Cooley on Taxation (4th Ed), § 672 pp. 1403–1408; *See also, American Concrete Inst. v. Mich. State Tax Commission,* 12 Mich. App. 595, 163 N.W.2d 508, 514 (1968); 84 C.J.S. Taxation §§ 225, p. 432. Additionally, statutes granting exemptions from a tax are to be construed in favor of the taxing power. *Appeal of Jackpine Gypsies Motorcycle Club, Inc.,* 395 N.W.2d 593, 594 (S.D.1986); *Matter of Sales Tax of Valley Queen Cheese,* 387 N.W.2d 39, 40 (S.D. 1986); *Burlington Northern, supra* at 146. Based upon these well-settled principles, the general rule has been established that the taxpayer has the burden of proving entitlement to a statutory exemption. *See, e.g., South Dakota State Medical Ass'n v. Jones,* 82 S.D. 374, 380, 146 N.W.2d 725, 728 (1967); *see also, Ballstadt v. Iowa Dept. of Revenue,* 368 N.W.2d 147, 148 (Ia.1985); *Indian Hills Community Church v. County Bd. of Equalization of*

*Lancaster County,* 412 N.W.2d 459, 464 (Neb.1987); 84 C.J.S. Taxation § 225, p. 432–433. Therefore, in the present case, Pam has the burden of proving it is entitled to the exemptions provided by SDCL 10–54–1. In order to meet this burden, Pam must establish it received the resale certificates in good faith. Based upon this reasoning then, we conclude the circuit court erred in holding the Department had to prove Pam did not receive the resale certificates in good faith in order to invalidate such certificates.

 Having concluded the circuit court erred with respect to the burden of proof issue, we now direct our attention to the issue of whether the Secretary was clearly erroneous in finding that Pam had not received certain resale certificates in good faith. According to Department Regulation ARSD 64:06:01:08:

It is not considered good faith when a seller knows or should know from the nature of the purchaser's business that it is extremely unlikely that the purchaser will resell the property being purchased in the regular course of business.

This regulation is an interpretation of SDCL 10–54–1. The construction and interpretation given a statute by an administrative body charged with its administration is entitled to great weight. *Valley Queen Cheese, supra* at 40. Considering this administrative regulation together with the evidence presented during the administrative hearing, we conclude the Secretary was not clearly erroneous in finding that Pam had not received certain resale certificates in good faith.

During the administrative hearing, Pam presented virtually no evidence that it accepted in good faith the resale certificates disallowed by the Department. The Department, on the other hand, presented sufficient evidence indicating the resale certificates were properly disallowed with respect to particular items because Pam knew or

should have known from the nature of the purchaser's business that the items purchased were not for resale. For example, the Department presented evidence showing that Pam obtained resale certificates from gas stations for hand cleaner, sweeping compound, windshield towels, parts cleaning solvent, gas pump-nozzles and gas pump hoses. Clearly Pam should have known that these items were not being purchased for resale by the gas stations. This evidence indicates, therefore, that Pam had not accepted certain resale certificates in good faith. Considering this evidence and the lack of evidence presented by Pam on the issue of good faith acceptance, we conclude the Secretary did not err in finding that the resale certificates at issue were not accepted in good faith by Pam. Hence, the exemptions provided by such certificates were properly disallowed and Pam's deductions taken with respect to these certificates were properly computed as errors, generating additional sales tax liability.

 Pam claimed during the administrative hearing some of its deductions taken from the disallowed resale certificates were substantiated by other evidence, and thus these deductions should not have been computed as errors. Specifically, Pam presented to the Department records of telephone conversations between Pam and several of its larger customers. These records reflected Pam was informed by its larger customers that use tax was being reported to the State by these customers on items purchased from Pam. According to Pam, this evidence established that use tax was being paid by certain purchasers on items sold to them by Pam.[2] As a result, Pam submitted it should be exempt from sales tax liability on these items and thus the deductions taken for such items were improperly disallowed.

---

2. The Department presented evidence indicating the statements contained in the telephone records were unreliable. Specifically, a Department representative stated that he conducted a computer check on approximately twelve of the larger customers noted in Pam's telephone records. This computer check revealed that fifty percent of these larger customers were not reporting use tax at all, while the other fifty percent were reporting use tax but the Department was unable to identify the items upon which use tax was being paid.

The record reflects that the Department refused to consider Pam's telephone records for sales tax audit purposes because such records were not timely submitted to the Department pursuant to SDCL 10–59–3 and SDCL 10–59–7. Thus, no changes were made with respect to the Department's determination as to the validity of Pam's deductions for items sold to its larger customers. The Secretary held the Department did not err in refusing to consider the telephone records and we agree.

SDCL 10–59–3 mandates that a "notice of intent to audit" must contain the following statement:

All records, books, and documents must be prepared for presentation to the auditor on the date of commencement of the audit. Any documents evidencing reduction, deduction or exemption of tax not prepared for presentation within thirty days of the date of commencement of the audit need not be considered by the auditor.

The "notice of intent to audit" submitted to Pam contained this statement. Additionally, the same statement and rule is set forth in SDCL 10–59–7 except this statute further provides the Secretary need not consider such evidence if it was not timely submitted to the auditor.[3] In the present case, the telephone records, which allegedly evidenced a deduction of tax, were not prepared for presentation to the auditor until nearly three months after the date of commencement of the audit.[4] Thus, according to SDCL 10–59–3 and SDCL 10–59–7, the Department was not obliged to consider these records for audit purposes. As a result, we must conclude the Department did not err in refusing to consider the telephone records in question. Since Pam presented no other evidence indicating that its deductions were improperly disallowed,

we uphold the Secretary's determination that the deductions in question were properly disallowed and the Department did not erroneously compute these deduction as errors.

Finally, we address the issue of whether the circuit court erred in overruling that portion of the Secretary's order which directed Pam to pay the use tax assessment. In conducting the use tax audit, the Department reviewed purchase invoices and depreciation schedules to determine the amount of use tax that should have been paid by Pam for items used and consumed. When this amount had been determined, Pam agreed it owed this amount and subsequently paid it. The use tax assessment was not contested by Pam before the Secretary or the circuit court. The circuit court presented no reasons for reversing that portion of the Secretary's order directing Pam to pay the use tax assessment. In fact, the circuit court did not declare the use tax assessment was faulty in any respect. Considering these facts, we must conclude the circuit court erred in reversing the Secretary's order directing Pam to pay the use tax assessment.

Pam contends since the circuit court found the sales tax was erroneously disallowed due to the Department's failure to establish lack of good faith in accepting Pam's resale certificates, then the circuit court had no other option but to reverse the whole judgment of the Secretary. We find no merit in this argument. First of all, the sales tax exemptions were properly disallowed. Secondly, the use tax portion of the audit was entirely separate from the sales tax portion of the audit. Therefore, the circuit court did not need to reverse the

---

3. SDCL 10–59–7 provides in pertinent part: Any documents or records required to be kept by law to evidence reduction, deduction or exemption from tax not prepared for presentation to the auditor within thirty days from the commencement date of the audit do not have to be considered by the auditor or the secretary.

4. The telephone records allegedly evidenced sales tax deductions for Pam Oil. The audit for Pam Oil commenced on November 2, 1987. The telephone records were submitted to the Department on January 25, 1988.

whole assessment merely because it determined the sales tax portion of the audit was faulty. For these reasons, we reject Pam's arguments and uphold the decision of the Secretary.

Judgment reversed.

All the Justices concur.