# IN THE OREGON TAX COURT

## CONTINENTAL AIRLINES, INC.
*v.*
## DEPARTMENT OF REVENUE
(TC 3280)

Gregory J. Miner, Bogle & Gates, Portland, represented plaintiff.

Marilyn J. Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered December 17, 1992.

### CARL N. BYERS, Judge.

This matter is before the court on defendant's Motion to Dismiss. Defendant's motion asserts that plaintiff's complaint fails to state a claim in that it does not allege exhaustion of administrative remedies. Plaintiff responds that its complaint alleges a federal cause of action which does not require exhaustion.

## STATUTORY REQUIREMENT

The legislature has expressly made exhaustion of administrative remedies a condition of appeal to this court. The relevant portion of ORS 305.275(4) provides:

"[N]o person shall appeal to the Oregon Tax Court or other court on any matter arising under the revenue and tax laws administered by the department unless the person first exhausts the administrative remedies provided before the department and the director."

■ This statute was examined by the Oregon Supreme Court in *Mullenaux v. Dept. of Revenue*, 293 Or 536, 539, 651 P2d 724 (1982), where the court stated:

"[T]his statute makes explicit the general rule * * * that * * * '[j]udicial review is only available after the procedure for relief within the administrative body itself has been followed without success.' " (Quoting *Miller v. Schrunk*, 232 Or 383, 388, 375 P2d 823 (1962).)

Thus, the rule is not a general principle to be applied at the discretion of the court. This statutory requirement applies even if a case involves only constitutional issues or questions of law. *Dennehy v. Dept. of Rev.*, 295 Or 574, 578-79, 668 P2d 1210 (1983).

## FEDERAL CLAIM

Congress expressly addressed the issue of state taxation of airlines in the Federal Aviation Act. 49 USC § 1513 prohibits states from imposing a head tax on air travelers, a tax on the sale of air transportation or a tax on gross receipts. However, the statute also expressly allows states to impose

the usual property taxes, net income taxes and sales taxes. In 1982 Congress determined to afford airlines protection against discrimination in state taxation as it had earlier provided to the railroads in 49 USC § 11503. As part of the Airport and Airway Improvement Act of 1982, (Title 5 of the Tax Equity Fiscal Responsibility Act of 1982 (TEFRA)), Congress adopted subsection (d) of 49 USC § 1513. That subsection states:

"(1)   The following acts unreasonably burden and discriminate against interstate commerce and a State, subdivision of a State, or authority acting for a State or subdivision of a State may not do any of them:

"(A)   assess air carrier transportation property at a value that has a higher ratio to the true market value of the air carrier transportation property than the ratio that the assessed value of other commercial and industrial property of the same type in the same assessment jurisdiction has to the true market value of the other commercial and industrial property;

"(B)   levy or collect a tax on an assessment that may not be made under subparagraph (A) of this paragraph; or

"(C)   levy or collect an ad valorem property tax on air carrier transportation property at a tax rate that exceeds the tax rate applicable to commercial and industrial property in the same assessment jurisdiction."

Plaintiff's complaint alleges that Oregon has assessed plaintiff's air carrier transportation property at a higher ratio than the assessed value of other commercial and industrial property in violation of § 1513(d)(1)(A).

## ISSUE

The issue is whether the requirements of ORS 305.275(4) apply to a federal cause of action under 49 USC § 1513(d).

## THE ROLE OF COMITY

■   Generally, principles of comity have restrained federal courts from interfering with state procedures and regulations. This has been true particularly in the field of state taxation. The Tax Injunction Act, 28 USC § 1341, specifically prohibits federal courts from interfering with state taxation procedures. Perhaps because of this statute, federal courts

have applied principles of comity broadly. In *Fair Assessment in Real Estate Assn. v. McNary*, 454 US 100, 116, 102 S Ct 177, 70 L Ed 2d 271 (1981), the Supreme Court stated:

> "Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court."

■     Plaintiff correctly maintains there are many similarities between the nondiscrimination provisions of 49 USC § 1513 (airlines) and 49 USC § 11503 (railroads). Both laws were superimposed on state tax schemes in order to prevent discrimination against interstate commerce. As the court noted in *Chesapeake and Ohio Ry. Co. v. Rose*, 651 F Supp 1463, 1471 (SD W Va 1985), with regard to the railroad act:

> "It thus appears that the statute and the subsection were enacted for the purposes of circumscribing state tax flexibility with regard to the ability to classify railroads differently from the general commercial and industrial taxpayer even if the classification arguably rests upon a reasonable basis and is in accord with Fourteenth Amendment and commerce clause principles."

The same may be said with regard to 49 USC § 1513(d) because the provisions for the airlines were modeled after the railroad provisions. *Western Air Lines v. Board of Equalization*, 480 US 123, 131, 107 S Ct 1038, 94 L Ed 2d 112 (1987).

## RAILROAD CLAIMS

■     As noted above, even though Congress may create a federal cause of action, principles of comity require state remedies to be respected unless Congress intended otherwise. It appears Congress intended otherwise with regard to the railroads.

> "As a result of this historic reluctance, state tax schemes that imposed disproportionately high assessments on railroads were shielded from federal judicial scrutiny. Congress perceived these discriminatory taxes as one cause of the woes of the railroad industry in the 1960's and 1970's. Its solution was to carve out an exception to [28 USC] § 1341." *Burlington Northern R. Co. v. James*, 911 F2d 1297, 1298 (8th Cir 1990).

Thus, even though Congress was aware of the problems created for the states, it nevertheless determined to make an exception to its own Tax Injunction Act. In *Southern Ry. Co. v. State Bd. of Equalization*, 715 F2d 522, 529 (11th Cir 1983), the court noted that Congress expressly provided both a federal remedy and a federal forum.

"The extensive legislative history of the 4R Act and its numerous predecessor bills makes it clear that Congress thoroughly considered the effects the Act would have on state taxation policies and practices. After weighing these effects, Congress concluded that both a federal remedy and a federal forum were necessary to further the strong national policy of protecting interstate commerce from the disruptive effects of discriminatory state and local taxation of railroad property."

In that same case, the court held that *Fair Assessment* did not apply to the nondiscrimination claims raised under the railroads act. The court found that the 42 USC § 1983 claims raised in *Fair Assessment* involved conflicts between "two divergent lines of statutory authority" whereas the nondiscrimination provisions of the railroad act did not. *Southern Ry. Co.*, 715 F2d at 529-30.

## AIRLINE CLAIMS

Plaintiff argues that "[n]othing in either the language or the legislative history of TEFRA indicates that Congress intended for the airlines to have to exhaust the myriad of diverse and possibly cumbersome administrative remedies before seeking a judicial remedy under TEFRA." However, plaintiff starts with the wrong assumption. As indicated above, principles of comity weigh heavily in favor of the state.

"So we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Rice v. Santa Fe Elevator Corp.*, 331 US 218, 230, 67 S Ct 1146, 91 L Ed 1447 (1947).

Plaintiff has not cited, and the court has not found, any evidence that Congress intended to override principles of comity with regard to claims of discrimination against airlines under 49 USC § 1513. If it had intended to do so, it would have been easy enough to insert language to that effect in the

statute. In providing for nondiscrimination against railroads, the act expressly states "[n]otwithstanding § 1341 of Title 28," thereby making express exception to the Tax Injunction Act. 49 USC 11503(c). Congress used no such language in TEFRA.

■■      Congress can and has provided concurrent jurisdiction in both state and federal courts. If a taxpayer seeks redress in state court, the taxpayer must comply with state statutes requiring exhaustion of administrative remedies. As the Oregon Supreme Court pointed out, even though state courts may have concurrent subject matter jurisdiction over a federal cause of action, "a state *may* impose such a requirement *without offending* federal law." *Nutbrown v. Munn*, 311 Or 328, 341, 811 P2d 131 (1991) (emphasis in original).

Regrettably, there are few cases dealing with the nondiscrimination provisions of § 1513(d) and none dealing with the issue at hand. Although the United States Supreme Court in *Western Air Lines* did not discuss exhaustion of administrative remedies, it appears from that opinion the taxpayer did exhaust its state administrative remedies.

## CONCLUSION

■      The court finds plaintiff must first exhaust its administrative remedies before appealing to this court. Although defendant may be unwilling or unable to provide plaintiff any relief, an appeal to defendant before coming to this court is not entirely without benefit. Errors in the assessment or in the record might be corrected before the dispute reaches this court. In any case, in the absence of federal preemption, the Oregon legislature has determined that a taxpayer is required to exhaust administrative remedies before seeking resort to this court. Now, therefore,

IT IS ORDERED that defendant's Motion to Dismiss is granted.

Defendant to recover costs.