SIOUX VALLEY HOSPITAL ASSOCIA-TION, a South Dakota Non–Profit Cor-poration, Plaintiff and Appellant,

v.

STATE of South Dakota, The South Dako-ta Department of Transportation and G. Homer Harding, the Treasurer of the State of South Dakota, Defendants and Appellees.

No. 18546.

Supreme Court of South Dakota.

Submitted on Briefs April 27, 1994.

Decided July 13, 1994.

Michael A. Hauck, Davenport, Evans, Hurwitz and Smith, Sioux Falls, for appellant.

Mark Barnett, Atty. Gen., Camron D. Hoseck, Asst. Atty. Gen., Pierre, for appellees.

HENDERSON, Justice.

## PROCEDURAL HISTORY/ISSUE

Sioux Valley Hospital Association commenced this action against the State of South Dakota to receive refund of an aircraft registration tax paid under protest in 1992. The parties stipulated that no material facts were at issue and both motioned for summary judgment. Following oral arguments, State prevailed on summary judgment. Sioux Valley appeals the trial court's ruling which denied the refund and exemption. Holding that the trial court properly construed the statute in question determining the tax was due, we affirm.

## FACTS

Sioux Valley is a non-profit corporation, tax exempt by the Internal Revenue Service under 26 U.S.C. § 501(c)(3) and exempt from South Dakota sales tax under SDCL chap. 10–45. Exempt status is derived from Sioux Valley's incorporated purpose to "operate as a charitable, benevolent, scientific and educational corporation, under SDCL chap. 47–22, conducting, maintaining and carrying on a hospital and infirmary for the care of the sick and support of the aged and indigent ..."

■ In 1992, Sioux Valley, as a part of its "air ambulance" service, purchased a used 1981 Beechcraft B–200 "King Air" aircraft from a dealer in Georgia. The aircraft is used to transport sick and injured patients from surrounding areas to Sioux Valley Hospital, enabling patients to receive a standard of medical care not available in their local communities. Sioux Valley paid a $25.00 annual registration fee for the aircraft. *See* SDCL 50–11–12. Per SDCL 50–11–19, the hospital also remitted, under protest, a four percent original registration tax of $44,-000.00. Based on the language of SDCL 50–11–19, Sioux Valley advocates that its sales tax exemption also exempts it from the original registration tax, and seeks a refund of the $44,000.00. We disagree.

## DECISION

■ Statutory interpretation is a question of law for the court to determine, and when the trial court resolves the question in a litigant's favor, summary judgment is appropriate. *Schoenwald v. Farmers Co-op. Ass'n*, 474 N.W.2d 519 (S.D.1991). If there exists any basis to support the trial court's ruling, summary judgment will be affirmed. *Weatherwax v. Hiland Potato Chip Co.*, 372 N.W.2d 118 (S.D.1985). As this is a question of law, our review is *de novo*. *Brown v. Egan Consol. Sch. Dist. 50–2*, 449 N.W.2d 259 (S.D.1989).

At issue is the tax and exemption language of SDCL 50–11–19. When Sioux Valley purchased the aircraft, the statute read:

> *In addition to all other registration fees paid* to the Department of Transportation, *an additional original registration tax* of four percent based on the purchase price of the aircraft, *shall be paid* to the Department of Transportation in conjunction with the application for the original registration of an aircraft. However, for the initial registration of an aircraft manufactured and used exclusively for agricultural spraying, crop dusting, seeding, fertilizing or defoliating purposes, the tax is three percent. *The payment of this additional original registration tax is in lieu of all occupational, sales, excise, privilege and franchise taxes levied by this state upon the gross receipts from all sales of aircraft.* After this additional original registration tax has once been paid on an aircraft, none of the above-mentioned taxes shall thereafter be assessed or paid upon any subsequent sale or transfer of said aircraft.... (Emphasis added.)

■ Initially, this Court must determine if this statute imposes a tax or creates an exemption. There is a difference in the burden of proof. Statutes granting exemptions from a tax are to be construed in favor of the taxing power. *Matter of Pam Oil, Inc.*, 459 N.W.2d 251, 255 (S.D.1990). Thus, the taxpayer has the burden of proving entitlement to an exemption. *Id.* In comparison, statutes which impose a tax are construed liberally in favor of the taxpayer; therefore, the State must carry the burden. *Matter of Royal Plastics*, 471 N.W.2d 582, 584 (S.D. 1991).

SDCL 50–11–19 begins by *imposing* an "additional original registration tax of four percent" on aircraft. As the statute plainly states in its first sentence, this original registration tax is "[i]n addition to all other registration fees paid." Sioux Valley paid a $25.00 annual registration fee for the aircraft, meaning the $44,000.00 is *in addition* to the annual registration fee. Ambiguities in a statute are construed in favor of the taxpayer. *Matter of Thermoset Plastics, Inc.,* 473 N.W.2d 136, 138 (S.D.1991). We find no ambiguity here.

Thereafter, the statute states that payment of this "additional original registration tax is in lieu of all ... sales ... taxes levied by this state upon the gross receipts from all sales of aircraft." In *Western Air Lines, Inc. v. Hughes County,* 372 N.W.2d 106, 109 (S.D.1985), *aff'd,* 480 U.S. 123, 107 S.Ct. 1038, 94 L.Ed.2d 112 (1987), we noted:

> We first define the term "in lieu tax." It is not defined in the statute nor is it a term in common usage. "Lieu tax" means instead of, or, a substitute for, and is not an additional tax. Black's Law Dictionary 832 (5th Ed.1979)[.]

Therefore, payment of the original registration tax for the aircraft exempts an entity from paying sales tax, as well as other taxes named in SDCL 50–11–19, on the same aircraft. Based on this definition, Sioux Valley argues that SDCL 50–11–19 establishes an "in lieu tax," whereby the original registration tax is paid as a substitute for sales tax. Taking the rationale a step further, Sioux Valley maintains that because it is already exempt from paying sales tax, it is therefore exempt from paying the original registration tax. Sioux Valley's "substitution" logic is incorrect.

Recall, tax exemptions are to be strictly construed in favor of the taxing power. *Lutherans Outdoors v. Bd. of Equalization,* 475 N.W.2d 140, 145 (S.D.1991). All property in this state is subject to taxation unless "expressly exempted" by statute. *South Dakota Education Association v. Dromey,* 85 S.D. 630, 188 N.W.2d 833 (1971) (citing SDCL 10–4–1). Any entity which pays the original registration tax is expressly exempt from paying sales tax on the same aircraft. Sioux Valley was already expressly exempted from paying *sales taxes* under SDCL 10–45–14. It

does *not* follow that Sioux Valley is thus automatically exempt from the tax at issue. In fact, the statutory language does not establish an exemption from the original registration tax. Had the Legislature desired to exempt entities from paying the tax in question, it could have done so in plain language. *See Norgeot v. State,* 334 N.W.2d 501, 503 (S.D.1983).

Essentially, SDCL 50–11–19 imposes a one-time original tax on aircraft. Payers of this tax thus forego paying the sales tax. Summary judgment was therefore properly granted.

Affirmed.

MILLER, C.J. and AMUNDSON, J., concur.

SABERS, J., concurs in result.

WUEST, J., deeming himself disqualified, did not participate.

SABERS, Justice (concurring in result).

I concur in result. As the trial court held, the conclusion that this is not an "in lieu of tax" but rather an "additional original registration tax" is borne out by the plain, unambiguous language of the statute. *See St. Paul Ramsey Medical Ctr. v. Pennington County.,* 402 N.W.2d 340, 344 (S.D.1987) ("One of the primary rules of statutory construction is to give words and phrases their plain meaning and effect. This court has ruled that we assume statutes 'mean what they say and that the legislators have said what they meant.' *When the language of a statute is clear, certain, and unambiguous, there is no occasion for construction, and this court's only function is to declare the meaning as clearly expressed in the statute."* (Citations omitted.) (Emphasis added.)).

The statutory language of SDCL 50–11–19 imposes "an additional original registration tax of four percent" which "shall be paid[.]" The additional language contained therein does not establish an exemption from the payment of this tax for Sioux Valley Hospital. Rather, the payment of the tax entitles Sioux Valley Hospital to an exemption from the payment of certain other taxes levied by the State, whether or not Sioux Valley Hospital is otherwise liable for those taxes. SDCL 50–11–19.

The plain language of this statute imposes a four percent additional original registration tax on all aircraft purchases. And as SDCL 50–11–19 further provides: "*After* this ... tax has once been paid ... none of the above-mentioned taxes shall *thereafter* be assessed or paid[.]" (Emphasis added.) Therefore, only upon payment, do the exemptions even come into play.*

---

* Additionally, as noted by the trial court, this "conclusion is also supported by the fact that the exemption guaranteed for charitable institutions in [SDCL] 10–45–14 specifically says that the exemption is only applicable to taxes imposed by Chapter 10–45." *See* SDCL 10–45–14 ("There are specifically exempted from the provisions of this chapter and from the computation of the amount of tax imposed by it, the gross receipts from sales of ·tangible personal property ... to and for use by ... nonprofit, charitable hospitals[.]").