KIRBY, Appellant, v. WESTERN SURETY COMPANY, et al, Respondents

(19 N. W.2d)

(File No. 8736. Opinion filed June 2, 1945.)
Rehearing Denied July 13, 1945.

**Boyce, Warren & Fairbank,** of Sioux Falls, for Appellant.

**Tom Kirby,** of Sioux Falls, for Western Surety Co.

**C. J. Delbridge** and **T. R. Johnson,** both of Sioux Falls, for Joe H. Kirby, Tom Kirby, Dan V. Kirby, Alice Kirby Brown, and Ella Kirby, Respondents.

RUDOLPH, Judge.

By the terms of the last will of Joe Kirby, deceased, the Western Surety Company was named trustee of certain property owned by the deceased at the time he died. This proceeding was instituted by the trustee, Western Surety Company, and seeks the judgment of the court determining its obligations, duties, and rights as trustee. Joe Kirby died in 1926 and left surviving him his widow, Ella Kirby, and the following children: Patrick F. Kirby, Joe H. Kirby, Tom Kirby, Dan V. Kirby and Alice Kirby Brown. The deceased left a large estate, all of which was disposed of under his will, but this proceeding relates only to the disposition of 1814 shares of the capital stock of the Western Surety Company. This stock in the Western Surety Company was included in the residue devised under the terms of the will and with reference thereto the will provides in paragraph 4 thereof that such residue is given "to the Western Surety Company as trustee only and for the purposes hereinafter set forth". Paragraphs 6, 7 and 8 of the will state the conditions under which the trustee is to hold the stock of the Western Surety Company, which paragraphs are as follows:

"Sixth. The stock in the Western Surety Company of which I may die possessed, as well as all investments from and accretions from earnings not paid to my said beloved wife, shall be retained by the said Western Surety for a period of ten years from and after the death of myself and

wife, and after the last survival of us and during said period, my said children living, shall have a right to vote in equal shares and proportion said stock, and receive an annual dividend thereon, if the Company can lawfully declare and earns the same, not exceeding Seven per cent. If a greater dividend is declared, the access shall be retained by my said trustee, and be deemed a part of such stock and may be invested in Stock in Western Surety Company or other interest bearing securities.

"Seventh. Upon ten years after the death of the last survivor of myself and wife, I give, devise and bequeath to such of my beloved children above named then living all such Stock in the Western Surety Company and all accretions to-wit: each share and share alike. Provided, however, that if any charge against any of my said children or their respective spouse are found upon my ledger, such sum shall be a charge against such child's share of said stock and shall be paid to the said Trustee and distributed by said trustee to each of said children then living share and share alike.

"Eighth. It is not my intention that any of my grand children shall receive hereunder any Stock in the Western Surety Company, but the same is to go to such of my children as survive myself and wife, 10 years."

Prior to the entry of the final decree in the Joe Kirby estate, the validity of the above provisions in the will which required the Western Surety Company to retain the Western Surety stock for a period of ten years after the death of Mr. Kirby and his wife was questioned. The administrator presented to the County Court of Minnehaha County a final account and petition for distribution of the estate. With reference to the Western Surety Company stock this petition, after setting forth the provisions of the will, alleged that such provisions "are void for the reason that said provisions place a restraint upon alienation contrary to Sections 294 and 295 of the Revised Code of the State of South Dakota for the year 1919" and then petitioned the court to fix the value of the Western Surety Company stock, deduct from such valuation the indebtedness of the several children, and set the stock over to the trustee with the interest of each child in the stock fixed in the light of the deductions made.

In its decree of final distribution the county court determined that the provisions of the will, with reference to the Western Surety Company's stock, were void for the reasons alleged in the petition and then after making deduction for the indebtedness of each child decreed that such stock be assigned to the Western Surety Company as trustee to pay the income therefrom to Ella Kirby during her lifetime and upon her death to be distributed by the trustee as follows:

To Patrick F. Kirby, 234 shares of the capital stock of the Western Surety Company.

"To Joe H. Kirby 332 shares of the capital stock of the Western Surety Company.

"To Tom Kirby 442 shares of the capital stock of the Western Surety Company.

"To Dan V. Kirby 432 shares of the capital stock of the Western Surety Company.

"To Alice Kirby Brown 374 shares of the capital stock of the Western Surety Company.

"Provided, that if any of said heirs in this paragraph four named should be deceased, then the share of said heir shall be transferred to his lawful heirs, devisees or legatees."

This final decree was entered by the county court on October 23, 1933, and no appeal therefrom was ever taken by Patrick F. Kirby, the appellant herein, or any of the other interested parties.

In this proceeding, which, as stated above, is a proceeding by the Western Surety Company trustee seeking the advice and judgment of the court with reference to its obligations, duties, and rights pertaining to the Western Surety Company stock, the trial court concluded that the final decree was within the jurisdiction of the county court, and final and conclusive upon the parties. Patrick F. Kirby has appealed from the judgment based upon the court's conclusions above set out. It is the contention of the appellant that the County Court of Minnehaha County was without jurisdiction or authority to decree the manner in which the trustee should distribute the Western Surety Stock upon the death of the widow, Ella Kirby.

 . This court has uniformly held that the county court has the equitable power, in the course of the administration of an estate, to construe a will, so far as such construction may be necessary in order to administer such estate under the will and distribute the same to the parties entitled thereto. In re Sjurson's Estate, 29 S. D. 566, 137 N. W. 341; Thompson et al. v. Chautauqua Association of South Dakota et al., 41 S. D. 351, 170 N. W. 578; Woolley et al. v. Woolley et al., 52 S. D. 193, 217 N. W. 196. Thus it was held in the last cited case that it was necessary in the administration of an estate for the county court to determine the estate that passed under the terms of a will, and that if such court construed a will to pass an estate greater than in reality was conveyed by the will, such construction and determination was final and the decree of distriubtion in the estate assigning the property was conclusive. In the present case it was necessary that the county court construe the will and determine the estate in the property that was passed thereby. This the county court did. The court first determined that paragraphs "Sixth", "Seventh" and "Eighth" of the will were void. However, the court did not hold that the invalidity of these portions of the will destroyed the whole trust attempted to be created by the will in the Western Surety Company stock. The court, as disclosed by the decree, set this stock over to the trustee after making the deductions for indebtedness, and decreed the amount of stock each child was to receive in the light of the deductions made. Not only did the court decree the amount of stock each child should receive but it further decreed that the share of any child of Joe Kirby not living at the time of the death of Mrs. Kirby should go to "his lawful heirs, devisees or legatees". We think it clear that the reasonable and proper construction of this decree, in so far as it relates to the Western Surety Company stock, is that it provides for a life estate in the stock in the widow with a vested remainder in the several children, or in the event any child is not living at the death of Mrs. Kirby, in such child's "lawful heirs, devisees or legatees". In other words, the children receive their estate in this stock under the decree of the county court and not as beneficiaries of a trust as contended

by appellant. By the final decree of the county court the trust estate vested in the trustee, not absolutely but subject to the remainder over on the termination of the trust, and the remainder did not vest in the trustee at all, but in the children as specified in the final decree. "The fact that a remainder is not limited to the remainderman directly but through the medium of a conveyance to him by trustees does not affect the principal regulating the time of the vesting of the estate of the remainderman." 33 Am. Jur., Life Estates, Remainders, etc., Secs. 93 and 107. We are not here concerned with the intention of the testator as to whether he intended to vest the whole estate in this stock in the trustee. It is our opinion that the county court in the exercise of its jurisdiction to construe wills for the purpose of distributing estates of decedents has determined this intention and the estate that passed, in the light of the portions of the will held invalid, and decreed that the whole estate in this stock did not vest in the trustee. This determination being within the jurisdiction of the county court is not subject to attack in this collateral proceeding. SDC 35.1708, Woolley v. Woolley, supra.

■ Appellant contends that the trial court determined that the Kirby children receive their interest in this stock as beneficiaries of a trust, and that such determination is binding upon respondent and this court. Even conceding that the trial court so determined, the facts upon which such determination is based are undisputed, and the determination is simply an erroneous conclusion. This court has consistently held that where the judgment is correct it will not be reversed even though based on erroneous conclusions or wrong reasons. See cases cited in SDC Vol. 4, page 365.

Our conclusion as to the effect of the final decree makes unnecessary a discussion of appellant's contention that the county court was without jurisdiction to instruct a trustee as to its powers and duties.

The judgment appealed from is affirmed.

All the Judges concur.