HOLMES, Respondent, v. MILLER, et al, Appellants

(23 N. W.2d 794.)

(File No. 8836. Opinion filed July 15, 1946.)

Rehearing Denied August 19, 1946.

**N. E. Wanous,** State's Atty., of Dupree, and **Morrisson & Skaug,** of Mobridge, for Appellants.

**Stephens & Riter,** of Pierre, for Respondent.

RUDOLPH, P.J. The Board of County Commissioners of Ziebach County, purporting to act under the authority of Sec. 6, Ch. 25, Laws of 1939, as amended by Ch. 38, § 2, Laws of 1941, exchanged certain county owned land for land owned by one Mitchell. The respondent Holmes, was in possession of the county land under a lease, and appealed from the action of the County Commissioners to the circuit court. The circuit court held that the action of the board in exchanging the land was unauthorized and the board has appealed to this court.

Two questions preliminary to the merits are presented. Appellant first contends that the act of the board in exchanging this land is of such a character that it cannot be reviewed on appeal. In support of this contention appellant cites and relies upon Pierre Water-Works Co. v. Hughes County, 5 Dak. 145, 37 N. W. 733; Codington County v. Board of Commissioners of Codington County, 51 S. D. 131, 212 N. W. 626, 627. These cited cases hold in effect that the legislature may not through the guise of an appeal confer upon the courts powers, which are purely administrative or executive, and that it is only when a Board of Commis-

sioners acts in a quasi-judicial capacity that its acts are subject to review on appeal. The rule announced in these cases is of long standing and based upon sound reason. Although announced in cases which related to the general appeal statute (SDC 12.0618) governing appeals from decisions of boards of county commissioners, the rule is equally applicable to Sec. 10, Ch. 25, Laws of 1939, which governs this appeal, and which provides that any decision of the board upon a matter pertaining to the said act is appealable. Our inquiry is, therefore, whether the act of the board in exchanging this land was in character purely administrative or executive, or was it a quasi-judicial act. This court said in the Codington County case, supra, in pointing out the distinction in character between the acts of a County Board:

"It is clear that, if the circuit court had heard, without objection, the merits of the appeal, it could not have substituted its judgment for that of the board. * * * Its power could have been manifested only by affirming or vacating the action of the board; and this, it sems to us, marks the distinction between quasi-judicial action on the one hand and administrative action on the other. If the action appealed from is quasi-judicial, then the court on appeal can do what it finds the board should have done, but, if the action appealed from is not quasi-judicial, then the court, upon appeal, cannot substitute its judgment for that of the board."

Clearly the circuit court on appeal could not substitute its judgment for that of the board as to the wisdom of making the exchange. But involved in the appeal to the circuit court was the question of the validity of the exchange of land as made by the board. Was it within the power of the board to make the exchange, was a question before the court. The statute only authorizes the exchange of "scattered and isolated tracts" of county land. The determination of whether the land involved was a "scattered and isolated" tract was a fact question the determination of which depended upon investigation and evidence of some kind and is quasi-judicial in characted. Hoyt v. Hughes County, 32

S. D. 117, 142 N. W. 471; Codington County v. Board of County Commissioners, 47 S. D. 520, 199 N. W. 594. If the land involved was not a "scattered and isolated" tract, the action of the board was outside the authority granted by the statute and invalid; no question of the wisdom of the action would be involved under such circumstances, and the court could "do what it finds the board should have done," i. e., simply deny the exchange. We are convinced that the issue which presented to the circuit court the validity of the exchange as made by the board, was a judicial issue, and that court did not in passing upon such issue usurp non-judicial functions. When a board of county commissioners commits a wrong for which there is a remedy in law in some form, the broad and comprehensive terms of the appeal statute provide a simple and speedy way of getting such matters into court. Yankton County v. Board of County Commissioners et al., 46 S. D. 245, 192 N. W. 179.

 The second preliminary question relates to the right of Holmes to appeal from the action of the board. The statute, Sec. 10, Ch. 25, Laws of 1939, gives the right of appeal only to a "person aggrieved." It is contended that Holmes is not a person aggrieved within the meaning of the statute. A grievance which a person might suffer simply as an elector or taxpayer is not such a grievance as the statute contemplates. The appellant must show a personal, peculiar or individual interest in the decision of the board to maintain his right to appeal. Barnum v. Ewing et al., 53 S. D. 47, 220 N. W. 135. Holmes was in possession of the land here involved under a lease from the county which would not expire until March 1, 1947. By the terms of this lease the county reserved the right to sell the premises, and in the event of sale it was agreed that Holmes would "deliver possession to the purchaser thereof within fifteen days after notice of such sale." SDC 12.2215 requires that any lease of county land for more than the current year shall be "subject to sale and shall terminate at the end of any calenlar year during which the land or any part thereof may be sold." We hold that the reservation of the right to sell the premises included the reservation of the right to exchange, and that in the event of a valid exchange Holmes was obli-

gated to deliver possession of the premises to the purchaser as required by the lease. Whether the terms "sale" or "sell," under all circumstances, would include an exchange we need not decide. However, we think it clear that the purpose of the provisions in this lease and of our statute was to anticipate a transfer of the county's interest in the land, and to provide for the delivery of possession by the lessee should such interest be transferred. Viewed in the light of this purpose, we conclude that the terms "sell" and "sale" were not used in the statute or lease in any restricted sense, but include a transfer of the county's interest in the land, whether the consideration received for such transfer is money or other land. The lease being subject to this exchange, if valid, it follows that Holmes had a personal and peculiar interest, other than his interest as a taxpayer, upon which to assert the invalidity of the exchange. The trial court based its determination of the personal interest of Holmes upon considerations other than the provision making the lease of the land subject to sale, and indicated that, in its opinion, the lease was not subject to an exchange but only to a sale. Whether the lease was subject to an exchange of land by the county is, under this record, a question of law; the facts are undisputed, only the construction of the lease is involved. The trial court was in error as to the effect of the sale provision of the lease, but it reached the right result upon the question of the personal interest of Holmes. The right result being reached this court will not overturn that result although the reason of the trial court therefor may be wrong. See cases cited. SDC Vol. 4, page 365.

■■ Upon the merits the trial court found that "Ziebach County owned certain lands adjoining" the land the board purported to exchange. This finding is unchallenged. We think it clear if the legislature intended land adjoining other county owned land should be subject to the exchange provisions the limitation to "scattered and isolated" tracts would be contrary to such intention. Webster's New International Dictionary, Second Edition, defines "Scattered" as "Dispersed; separated irregularly, esp., in location;" and "Isolated" as "Placed or standing alone, detached;

separated; solitary." Looking to the purpose of Ch. 25, Laws of 1939, we find nothing therein which indicates that the legislature intended to use the words "scattered" and "isolated" with any other than their ordinary and well understood meaning. It is our opinion that land adjoining other land owned by the county is not a "scattered and isolated" tract within the meaning of the statute.

The judgment appealed from is affirmed.

MUNDT, Circuit Judge, sitting for POLLEY, J.

All the Judges concur.