Gregory ISAKSON, Plaintiff
and Appellee,

v.

Robert PARRIS, Petitioner
and Appellant,

and

Steve Oller, John Davis, Dwayne Tveidt,
and Floyd Cleland, Defendants.

No. 18598.

Supreme Court of South Dakota.

Considered on Briefs Oct. 20, 1994.

Decided Jan. 25, 1995.

Mark Barnett, Atty. Gen. and John E. Haak, Asst. Atty. Gen., Pierre, for petitioner and appellant.

Benjamin J. Eicher of Wallahan, Banks and Eicher, Rapid City, for plaintiff and appellee.

## PER CURIAM.

Robert Parris (Parris) appeals the denial of a motion to amend his answer to a complaint filed by Gregory Isakson (Isakson). We reverse and remand.

### FACTS

Parris is employed as a trooper for the South Dakota Highway Patrol. On the night of August 3, 1987, he was escorting a convoy of custom combiners to a port of entry near the South Dakota/Wyoming border when one of the vehicles in the convoy collided with a motorcycle ridden by Isakson. Isakson suffered severe arm and leg injuries as a result of the accident.

On July 25, 1990, Isakson filed a summons and complaint against: the owner of the motor vehicles in the convoy; the driver of the vehicle that collided with Isakson; Parris; a Meade County deputy sheriff who assisted Parris with escorting the convoy; and, the Meade County sheriff. Parris answered the complaint on September 7, 1990. He raised four affirmative defenses: contributory negligence; sovereign immunity; and, qualified or good faith immunity. The remaining defendants also answered Isakson's complaint and raised various affirmative defenses. The affirmative defenses raised by the Meade County sheriff and deputy included Isakson's failure to give timely notice of his injury to the state of South Dakota or Meade County pursuant to SDCL 3–21–2 [1].

A lengthy discovery process followed service of the initial pleadings. On March 26, 1991, the Meade County sheriff and deputy filed a motion for summary judgment premised upon Isakson's failure to give notice of injury pursuant to SDCL 3–21–2. On April 1, 1991, Parris filed a motion for summary judgment that was also premised upon Isakson's failure to give timely notice of injury

---

1. SDCL 3–21–2 provides:

No action for the recovery of damages for personal injury, property damage, error or omission or death caused by a public entity or its employees may be maintained against the public entity or its employees unless written notice of the time, place and cause of the injury is given to the public entity as provided by this chapter within one hundred eighty days after the injury.

under SDCL 3–21–2. Isakson resisted these motions by contending that additional discovery was necessary in the matter and by further contending that Parris had waived the notice defense when he failed to plead it as an affirmative defense in his answer.

The first set of summary judgment motions were heard on April 11, 1991 and denied in an order entered April 22. A series of motions to amend answers followed. The defendants all moved to amend their answers to include various cross-claims against each other. In response to these motions, Isakson stipulated that Parris could amend his answer to include a cross-claim against the owner of the vehicles in the convoy and the driver of the vehicle that collided with Isakson. Pursuant to that stipulation, Parris filed an amended answer, including his cross-claims, on August 28, 1991. However, the amended answer again failed to raise an affirmative defense relating to Isakson's failure to give notice of injury under SDCL 3–21–2.

A second round of summary judgment motions began in late 1991. All of the defendants, including Parris, renewed their previous summary judgment motions. Parris filed his renewed motion for summary judgment on December 12, 1991. Again, Parris's motion was based on Isakson's failure to give notice of injury under SDCL 3–21–2. Once again, Isakson resisted the motion by attacking Parris's failure to raise lack of notice of injury as an affirmative defense in his answer or amended answer. The summary judgment motions of all of the remaining defendants [2] were denied by the trial court in an order entered February 27, 1992.

On August 13, 1993, Parris filed a motion to amend his answer to include Isakson's failure to give notice of injury as an affirmative defense. Parris contended that, prior to this court's decision in *Cody v. Leapley*, 476 N.W.2d 257 (S.D.1991) in September, 1991, this court had never ruled on whether lack of notice under SDCL 3–21–2 is affirmative defense that must be pled. Parris further contended that Isakson would suffer no prejudice by the amendment because the sub-

stance of the issue had already been argued in previous motions. Moreover, Parris pointed out that discovery was still proceeding, no trial date had been set and, therefore, Isakson still had a full and fair opportunity to litigate the issues raised by the amendment.

Isakson resisted Parris's motion to amend and a hearing was conducted. The trial court entered an order denying the motion. Parris subsequently filed a petition for allowance of an intermediate appeal of the trial court's order which this court granted.

ISSUE

DID THE TRIAL COURT ABUSE ITS DISCRETION IN DENYING PARRIS'S MOTION TO AMEND HIS ANSWER?

Parris moved to amend his answer to add a new affirmative defense pursuant to SDCL 15–6–15(a):

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has neither been placed upon the trial calendar, nor an order made setting a date for trial, he may so amend it at any time within twenty days after it is served. *Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.* A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders. (emphasis added).

In *Kjerstad v. Ravellette Publications, Inc.*, 517 N.W.2d 419, 423 (S.D.1994), this Court reiterated that:

A trial court may permit the amendment of pleadings before, during, and after trial without the adverse party's consent. *Tesch v. Tesch*, 399 N.W.2d 880, 882 (S.D. 1987). SDCL 15–6–15(a) states that '[L]eave [to amend] shall be freely given

---

**2.** Isakson's claims against the Meade County sheriff and deputy were dismissed because of a settlement reached between Isakson and those defendants.

when justice so requires.' A motion to amend is addressed to the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion which results in prejudice to the non-moving party. *Id.*

In *Beyer v. Cordell*, 420 N.W.2d 767 (S.D. 1988) we explored the issue of whether the trial court abused its discretion by allowing the defendant to amend his answer during trial to assert the affirmative defense of contributory negligence against one of the co-plaintiffs. In reaching our decision, we applied the following reasoning:

> An affirmative defense is not waived if the pleadings are properly amended to include the unpled defense or if the issue was tried by express or implied consent. The decision to allow amendment of pleadings is within the discretion of the trial court. SDCL 15-6-15(b) allows amendment of the pleadings to conform to the evidence. *'The test for allowing an amendment under SDCL 15-6-15(b) is whether the opposing party will be prejudiced by the amendment;* i.e., did he have a fair opportunity to litigate the issue, and could he have offered any additional evidence if the case had been tried on the different issue.'
>
> \*   \*   \*   \*   \*   \*
>
> The issue of contributory negligence was fairly litigated and the [plaintiffs] do not indicate that there was any additional evidence which could have been offered if the contributory negligence defense had been raised against [the co-plaintiff] in the original pleading. Therefore, the trial court did not abuse its discretion in allowing the amendment of [defendant's] answer.

*Beyer*, 420 N.W.2d at 769–70 (citations omitted) (emphasis added).

More recently, in *Americana Healthcare Center v. Randall*, 513 N.W.2d 566 (S.D. 1994), we were confronted with the issue of whether the trial court abused its discretion by allowing the plaintiff to amend its complaint to include a new statutory claim. We held:

> Before a court allows a complaint to be amended, *it must determine whether the opposing party will be prejudiced by the amendment;* i.e., did he or she have a fair opportunity to litigate the issue, and could he or she have offered any additional evidence if the case had been tried on a different issue. The trial court's decision to permit amendment of pleadings will not be disturbed on appeal absent a clear abuse of discretion *which results in prejudice to the nonmoving party.* [The defendant] was aware of the statutory claim two months before trial and had sufficient time to defend the claim despite being denied a continuance. He has not demonstrated that he has been unfairly prejudiced by this amendment.

*Americana Healthcare*, 513 N.W.2d at 571 (citations omitted) (emphasis added).

Finally, in the previously cited *Kjerstad* case, the defendant contended that the trial court erred in allowing the plaintiffs to amend their complaint the day before trial to add a new cause of action. We held:

> The record does not reflect that [the defendant] has suffered any specific prejudice. Although a new cause of action was added, the two claims contained identical facts and issues. [The defendant] has not demonstrated that he was unprepared to meet the contents of the amended complaint *or that he has suffered any prejudice as a result thereof.* Therefore, we find no clear abuse of discretion in allowing the complaint to be amended.

*Kjerstad*, 517 N.W.2d at 423 (emphasis added).

■ A review of these recent authorities makes clear that the most important consideration in determining whether a party should be allowed to amend a pleading is whether the nonmoving party will be prejudiced by the amendment. In discussing the issue of prejudice, it has been written that:

> [I]f the court is persuaded that no prejudice will accrue, the amendment should be allowed. Thus, the facts of each case must be examined to determine if the threat of prejudice is sufficient to justify denying leave to amend. In order to reach a decision on this point, the court will consider the position of both parties and the effect the request will have on them. This en-

tails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted.

\* \* \* \* \* \*

[P]laintiff typically will not be precluded from amending a defective complaint in order to state a claim on which relief can be granted or from adding a claim to an otherwise proper complaint simply because that amendment may increase defendant's potential liability. *Similarly, plaintiff will not be sufficiently prejudiced to justify a denial of an application under Rule 15(a) if defendant is allowed to cure an insufficient defense or to amplify a defense that already has been stated in the answer. Thus, courts have allowed amendments when it was established that doing so would not unduly increase discovery or delay the trial, and when the opponent could not claim surprise, but effectively should have recognized that the new matter included in the amendment would be at issue.*

6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1487 (1990) (emphasis added).

█ In this instance, there has been no showing that Isakson would have been prejudiced in any manner had Parris been granted leave to amend his answer. It is undeniable that Isakson was well aware of the notice defense under SDCL 3–21–2 from the moment the Meade County sheriff and deputy filed their initial answers in this action nearly four years ago. Summary judgment motions by the sheriff, the deputy *and* Parris, relating to that very defense, were filed, briefed and argued in early 1991. Isakson devoted an entire portion of his brief in resistance to the summary judgment motions to the merits of the notice defense.[3]

Isakson repeatedly takes issue with the fact that Parris was already allowed to amend his answer in 1991 and still failed to plead the notice defense as an affirmative defense. While that is true, Isakson ignores mentioning that Parris amended his answer on the basis of a stipulation agreed to by Isakson. That stipulation provided that, "Defendant[ ] Robert Parris ... may file and serve [his] Amended Answer and Cross-claim against Defendants Steve Oller and John Davis." Thus, Isakson's stipulation only granted Parris leave to amend his answer to assert cross-claims against his co-defendants. Nothing in the stipulation would have allowed Parris to amend his answer to assert a new affirmative defense against Isakson.

The notice defense also formed the basis for Parris's second summary judgment motion ·in December 1991. Again, Isakson resisted the summary judgment motion and devoted an entire portion of his brief to the merits of the notice defense. Thus, it is absurd to suggest that Isakson was, in any manner, surprised when Parris finally made a formal motion to amend his answer to raise the notice defense in August 1993. Moreover, the notice defense did not raise a complex factual issue that would have entailed substantial additional discovery on Isakson's part. Either the notice required by SDCL 3–21–2 was given or it was not. By the time Parris moved to amend his answer to raise the defense, Isakson had already conceded that formal, written notice of his injury was never given. Thus, the only new issues the notice defense would have inserted in these proceedings were the legal ramifications of Isakson's failure to give the required written notice. By the time Parris moved to amend to add the defense, *Isakson had already briefed those issues on two occasions!*

Finally, this is not a situation where leave to amend the answer was sought on the eve of trial. The record does not reflect that a trial date has been set in this matter. Thus, had Parris been allowed to amend his answer to assert the notice defense, Isakson would have had ample time to prepare his response to the defense.

---

**3.** While trial briefs are not normally considered part of the settled record on appeal (SDCL 15–26A–53), to ignore the briefs in this matter would ignore the reality of what the parties knew about the legal issues in this case and when they knew it.

There is no showing of any prejudice whatsoever that Isakson would have suffered had Parris been allowed to amend his answer. Therefore, the trial court's order denying Parris leave to amend his answer was an abuse of discretion. The order must be reversed and the matter remanded for further proceedings.

Reversed and remanded.

MILLER, C.J., SABERS, AMUNDSON and KONENKAMP, JJ., and WUEST, Retired Justice, participating.